**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAVID E. OLSON,  )  )     Plaintiff,  )  )  v.  )  )  FEDERAL ELECTION COMMISSION,  )  )     Defendant.  ) )) | Civ. No. 07-1584 (PLF)  MOTION TO DISMISS |

**DEFENDANT FEDERAL ELECTION COMMISSION'S**
**MOTION TO DISMISS THE COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Federal Election

Commission ("Commission") respectfully moves this Court for an order dismissing the

Complaint with prejudice for failure to state a claim upon which relief can be granted.  A

memorandum of law in support of the Commission's motion and a proposed order are attached.

Respectfully submitted,

/s/ Thomasenia P. Duncan
Thomasenia P. Duncan (D.C. Bar No. 424222)
General Counsel

David B. Kolker (D.C. Bar No. 394558)
Associate General Counsel

Kevin Deeley
Acting Assistant General Counsel

Adav Noti (D.C. Bar No. 490714)
Attorney

COUNSEL FOR DEFENDANT
FEDERAL ELECTION COMMISSION
999 E Street NW
Washington, DC 20463
(202) 694-1650

Dated:  November 15, 2007

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| | ) | |
| DAVID E. OLSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 07-1584 (PLF) |
| | ) | |
| FEDERAL ELECTION COMMISSION, | ) | |
| | ) | MEMORANDUM OF LAW |
| Defendant. | ) | IN SUPPORT OF MOTION TO DISMISS |
| | ) | |

**DEFENDANT FEDERAL ELECTION COMMISSION'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

Plaintiff David E. Olson brings this action challenging the Federal Election

Commission's dismissal of an administrative complaint that he filed against certain candidates

for the United States House of Representatives. As discussed below, plaintiff's action must fail

because it is premised entirely on a meritless interpretation of the relevant regulation. Contrary

to plaintiff's belief, candidates are not required to send their declarations of candidacy to

individuals who only later become candidates for the same office.

**BACKGROUND**

A.    **Statutory Background**

The Federal Election Commission ("Commission") is the United States government

agency with exclusive civil jurisdiction over administration of the Federal Election Campaign

Act, 2 U.S.C. §§ 431-455 ("FECA"). Any person who believes that FECA has been violated

may file with the Commission an administrative complaint regarding that violation. 2 U.S.C.

§ 437g(a)(1). The Commission then considers the complaint to determine whether it provides

1

"reason to believe" that FECA has been violated.  2 U.S.C. § 437g(a)(2).  If at least four

commissioners vote to find such reason to believe, the Commission may conduct an investigation

of the alleged violation; otherwise, the Commission dismisses the administrative complaint.  *See*

*id*.

When the Commission dismisses a complaint, the complainant may file suit in the United

States District Court for the District of Columbia seeking a declaration that the Commission's

dismissal was "contrary to law."  2 U.S.C. § 437g(a)(8).  If the district court declares that the

Commission's dismissal was contrary to law, the court can "direct the Commission to conform

with such declaration within 30 days."  2 U.S.C. § 437g(a)(8)(C).

**B.      Regulatory Background**

The regulations at issue in this case relate to the initial filing and notice requirements

under FECA for candidates for the United States House of Representatives.

An individual becomes a candidate for the House of Representatives upon receiving

$5,000 in campaign contributions or making $5,000 in campaign expenditures.  2 U.S.C.

§ 431(2); 11 C.F.R. § 100.3(a).  Within fifteen days of becoming a candidate, the candidate must

file a "Statement of Candidacy on FEC Form 2," 11 C.F.R. § 101.1(a), and a "Declaration of

Intent."[1]  2 U.S.C. § 441a-1(b)(1)(B); 11 C.F.R. § 400.20(a)(1).

The content and delivery method of Declarations of Intent are governed by 11 C.F.R.

§ 400.20.  Paragraph (a)(1) of that section, entitled "[w]hen and where filed," provides in its

---

[1]      In the Declaration of Intent, a candidate declares whether she intends to spend in excess
of $350,000 on her campaign from her personal funds and, if so, the amount in excess of
$350,000 that she intends to spend.  *See* 11 CFR §§ 400.20(a)(2), 400.9.  This requirement arises
from the "Millionaires' Amendment" to FECA, which, in some circumstances, permits the
campaign committee of a candidate whose opponent makes large personal expenditures on her
own behalf to receive larger contributions than would otherwise be permissible.  *See* 2 U.S.C.
§ 441a-1; *see generally Davis v. FEC*, --- F. Supp. 2d ---, 2007 WL 2264733 (D.D.C. Aug. 9,
2007), *appeal pending*, S. Ct. No. 07-320 (filed Sep. 17, 2007).

entirety that "[w]ithin 15 days of becoming candidate, the candidate must file a Declaration of

Intent with the Commission and with each opposing candidate." Paragraph (b), entitled

"[m]ethods of filing," requires that the Declaration of Intent be included on the candidate's FEC

Form 2, and that Form 2 be transmitted "by facsimile machine or electronic[ ] mail" when it is

sent to the candidate's opponents.

C.      Factual Background

The following facts, derived from plaintiff's Complaint, are assumed to be true for

purposes of this motion only. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007)

(holding dismissal appropriate "when the allegations in a complaint, however true, could not

raise a claim of entitlement to relief"); *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006)

("[I]n considering the claims dismissed pursuant to Rule 12(b)(6), we must treat the complaint's

factual allegations as true [and] must grant plaintiff the benefit of all reasonable inferences from

the facts alleged . . . .") (quotations omitted).[2]

According to the Complaint, plaintiff Olson was an independent candidate for the 2006

election for the United States House of Representatives from Idaho's First Congressional

District. *See* Compl. at 1-2.[3] Because Idaho state law required Olson — unlike his party-

affiliated opponents — to collect petition signatures to place his name on the election ballot,

Olson became a candidate for the seat well after his opponents had already declared their

candidacies and filed their FEC Form 2s. *See* Compl. at 2-4. The Complaint alleges that those

---

[2]     Because plaintiff proceeds *pro se*, the Complaint is construed liberally in his favor. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations omitted).

[3]     The Complaint does not consist of numbered paragraphs, *see* Fed. R. Civ. P. 10(b), so citations to the Complaint herein refer to page numbers.

opposing candidates who had already declared their candidacies and filed their Form 2s before

Olson entered the race did not send him copies of their Form 2s after he became a candidate. *See*

Compl. at 1-2.

   After the 2006 election, Olson filed an administrative complaint with the Commission,

claiming that his opponents had violated 11 C.F.R. § 400.20 by failing to send him copies of

their Form 2s. *See* Compl. at 1. Olson's civil Complaint alleges that the Commission dismissed

his administrative complaint in July 2007 on the grounds that § 400.20 "does not impose a

continuing obligation on the previously registered candidates to notify new candidates or to

supply them copies of previously registered candidates['] FEC Form 2's." Compl. at 1-2.

## ARGUMENT

### I.    STANDARD OF REVIEW

   Dismissal of a complaint is appropriate when, accepting the complaint as true and

drawing all reasonable inferences in the plaintiff's favor, the complaint fails as a matter of law to

state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atlantic*, 127 S. Ct. at

1966; *Hicks v. Ass'n of Am. Med. Coll.*, 503 F. Supp. 2d 48, 50-51 (D.D.C. 2007).

   In reviewing the Commission's dismissal of an administrative complaint under 2 U.S.C.

§ 437g(a)(8), the court "may set aside the FEC's dismissal of a complaint only if its action was

'contrary to law.'" *Hagelin v. FEC*, 411 F.3d 237, 242 (D.C. Cir. 2005) (quoting § 437g(a)(8));

*Orloski v. FEC*, 795 F.2d 156, 161 (D.C. Cir. 1986) (same). To affirm the agency's action, "it is

not necessary for a court to find that the agency's construction was the only reasonable one or

even the reading the court would have reached if the question initially had arisen in a judicial

proceeding." *FEC v. Democratic Senatorial Campaign Comm.*, 454 U.S. 27, 39 (1981).

Instead, the court engages in "the narrower inquiry into whether the Commission's construction

[is] sufficiently reasonable to be accepted by a reviewing court." *Id*. (quotation marks omitted).

This inquiry is "highly deferential" to the Commission's interpretation of the statutes it

administers. *Democratic Senatorial Campaign Comm. v. FEC*, 918 F. Supp. 1 (D.D.C. 1994).

In addition, the court "review[s] the Commission's interpretation of its own regulations

pursuant to an exceedingly deferential standard, [and that] interpretation will prevail unless it is

plainly erroneous or inconsistent with the plain terms of the disputed regulation." *FEC v. Nat'l*

*Rifle Ass'n of Am.*, 254 F.3d 173, 182 (D.C. Cir. 2001) (quotation marks and citations omitted).

## II.    THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The Complaint fails to state a claim upon which relief can be granted because, even

accepting all of Olson's factual allegations as true for purposes of this motion, the Commission's

dismissal of his administrative complaint was not "contrary to law."

The Complaint accurately alleges that the Commission dismissed Olson's administrative

complaint on the grounds that 11 C.F.R. § 400.20 "does not impose a continuing obligation on

the previously registered candidates to notify new candidates or to supply them copies of

previously registered candidates['] FEC Form 2's." Compl. at 1-2.[4]  Thus, the crux of Olson's

civil Complaint is his claim "that there exists a constant and continuing notification requirement

---

[4]    *See* First General Counsel's Report, MUR 5884 (July 9, 2007) (Ex. 1).  When, as here, the Commission follows the General Counsel's recommendation and does not write its own statement of reasons, "the General Counsel's report is sufficient to support the Commission's dismissal of a complaint." *Democratic Senatorial Campaign Comm.*, 454 U.S. at 39 n. 19; *see also Carter/Mondale Presidential Comm., Inc. v. FEC*, 775 F.2d 1182, 1186 n.2 (D.C. Cir. 1985).  The report may properly be considered on this motion to dismiss because plaintiff's Complaint relies on and refers to the document. *See Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (noting that court may consider on motion to dismiss documents "incorporated by reference in the complaint"); 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1366 n.34 (3d ed.) (collecting cases holding that court's consideration of "items of unquestioned authenticity that are referred to in the challenged pleading and are 'central' or 'integral' to the pleader's claim for relief" does not convert motion under Rule 12(b)).

for Candidates to send copies of their FEC Form 2's to each opposing candidate[ ] regardless of when they entered the electoral race." Compl. at 3-4. This claim, however, is contrary to the plain meaning of the applicable regulations.

Sections 101.1 and 400.20 of Title 11 provide that a candidate must file Form 2 within fifteen days of becoming a candidate, and, under section 400.20(a)(1), the candidate must send a Declaration of Intent (included on Form 2 pursuant to section 400.20(b)(2)) to "each opposing candidate" within that same fifteen-day period. By definition, an "opposing candidate" is an individual who has passed the $5,000 contribution/expenditure threshold. *See* 11 C.F.R. §§ 100.3, 400.3. Thus, under the plain text of the regulations, each new candidate is required only to send his Form 2 within fifteen days to individuals who have already become candidates by raising $5,000 in campaign contributions or making $5,000 in campaign expenditures. If an individual meets either of these criteria to become a new candidate more than fifteen days after an existing candidate has reached the $5,000 threshold, the new candidate, by definition, was not an "opposing candidate" when the existing candidate was required to file Form 2; therefore, section 400.20 could not have required the existing candidate to send Form 2 to the new candidate.

Indeed, there simply is no provision in section 400.20 or in any other regulation or statute that requires an existing candidate to send an already-filed Form 2 to a new candidate.[5] Olson's confusion on this point appears to arise from a misreading of section 400.20(b)(2), which he cites

---

[5]     As a practical matter, one of the reasons that there is no continuous-notice requirement is simple: All filed Form 2s (in fact, all candidate filings) are publicly available from the Commission's website. *See*, *e.g.*, http://images.nictusa.com/cgi-bin/fecimg/?H6ID01177 (William Sali Form 2s); http://images.nictusa.com/cgi-bin/fecimg/?H6ID01185 (Larry Grant Form 2s); http://images.nictusa.com/cgi-bin/fecimg/?H6ID01235 (Andrew Hedden-Nicely Form 2). Accordingly, any new candidate can conduct a simple search and review or download all of his opponents' prior filings.

in his Complaint for the proposition that, *in addition* to sending Form 2 to opposing candidates within fifteen days, "[c]andidates are *again* required to file FEC Form 2 electronically to each opposing candidate" who later enters the race.  Compl. at 3 (emphasis added and quotation marks omitted).  As noted previously, however, paragraph (b)(2) explicitly governs the "methods" of filing Declarations of Intent — *i.e.*, the requirements that the Declaration be included on Form 2 and sent by fax or email.  *See* 11 C.F. R. § 400.20(b)(2); *see also* 68 Fed. Reg. 3979 (Jan. 27, 2003) (explaining that paragraph (b)(2) was intended, *inter alia*, to promote faster service of Form 2s on opponents by permitting service by email).  That paragraph does not impose any requirement to file Form 2 "again"; rather, paragraph (a)(1) represents the sole requirement for "where and when" Form 2 must be filed — *i.e.*, with the Commission and the candidate's existing opponents, and within fifteen days of first becoming a candidate.  Plaintiff's reading of § 400.20(b)(2) as imposing an independent or continuing notification requirement is therefore erroneous.

Olson also appears to believe that a "continuing notification requirement" may arise from the notice provisions of 11 C.F.R. §§ 400.21 and 400.22.  *See* Compl. at 3.  These regulations, however, have nothing to do with Form 2 or the Declaration of Intent.  Instead, sections 400.21 and 400.22 involve notifications that are required when candidates make expenditures from personal funds above certain thresholds.  The Complaint does not allege that plaintiff's dismissed administrative complaint charged any violations of these regulations (indeed, it did not), and the Complaint does not allege that plaintiff's opponents were required to file any notices under these sections (indeed, they were not).  Accordingly, sections 400.21 and 400.22 are legally and factually irrelevant to this action.  *See Judicial Watch, Inc. v. FEC*, 180 F.3d 277, 278 (D.C. Cir.

1999) (reversing denial of Commission's motion to dismiss where plaintiff's administrative complaint did not mention legal issue that plaintiff relied on in section 437g(a)(8) suit).

In sum, the plain text of 11 C.F.R. § 400.20 requires a candidate to send Form 2 to his opponents within fifteen days of becoming a candidate.  A candidate who joins the race at a later date is free to obtain and review already-filed Form 2s, which are available on the FEC's website, but he has no statutory or regulatory right to have those same Form 2s additionally sent directly to him by his opponents.  Thus, there is no basis for plaintiff's allegation that the Commission's dismissal of his administrative complaint was contrary to law.[6]

---

[6]    Even if the Complaint were not meritless, this action would warrant dismissal without prejudice for insufficiency of process.  Fed. R. Civ. P. 12(b)(4).  Plaintiff personally mailed the summons and Complaint to the Commission in violation of Rule 4(c)(2), which "expressly and clearly prohibits a plaintiff from effectuating service on a defendant." *Reading v. United States*, --- F. Supp. 2d ---, 2007 WL 2678329, Civ. No. 06-1873 (D.D.C. Sept. 13, 2007) (dismissing complaint that *pro se* plaintiff mailed to government defendant); *Otto v. United States*, 2006 WL 2270399, Civ. No. 05-2319 (D.D.C. June 28, 2006) (same).

## CONCLUSION

In light of the foregoing, the Commission respectfully requests that this Court dismiss the

Complaint with prejudice for failure to state a claim upon which relief can be granted, pursuant

to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,


    /s/ Thomasenia P. Duncan
Thomasenia P. Duncan (D.C. Bar No. 424222)
General Counsel

David B. Kolker (D.C. Bar No. 394558)
Associate General Counsel

Kevin Deeley
Acting Assistant General Counsel

Adav Noti (D.C. Bar No. 490714)
Attorney

COUNSEL FOR DEFENDANT
FEDERAL ELECTION COMMISSION
999 E Street NW
Washington, DC 20463
Dated:  November 15, 2007            (202) 694-1650

9

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| DAVID E. OLSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 07-1584 (PLF) |
| | ) | |
| FEDERAL ELECTION COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] ORDER**

This matter is before the Court on Defendant Federal Election Commission's motion to

dismiss the Complaint.  It is hereby

ORDERED that Defendant's motion to dismiss the Complaint is GRANTED; and it is

FURTHER ORDERED that the Complaint is dismissed with prejudice.

SO ORDERED.


PAUL L. FRIEDMAN
United States District Judge


DATE:

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| DAVID E. OLSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 07-1584 (PLF) |
| | ) | |
| FEDERAL ELECTION COMMISSION, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| Defendant. | ) | |
| | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on November 15, 2007, I caused Defendant Federal Election

Commission's motion to dismiss the Complaint, memorandum of law in support of its motion to

dismiss the Complaint, and proposed order to be served by first-class mail upon:

> David E. Olson
> 2002 Santa Creek Rd.
> P.O. Box 251
> St. Maries, ID  83861


> /s/ Edward Fisher
> Edward Fisher
> Federal Election Commission
> 999 E Street NW
> Washington, DC 20463
Dated:  November 15, 2007                      (202) 694-1650

# EXHIBIT 1

JUL   9 2007

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

**FEDERAL ELECTION COMMISSION**
**999 E Street, N.W.**
**Washington, D.C.  20463**

**FIRST GENERAL COUNSEL'S REPORT**

MUR:  5884
DATE SUBMITTED:  November 21, 2006
DATE OF NOTIFICATION:  November 29, 2006
RESPONSE RECEIVED:  December 22, 2006
SUPPLEMENT RECEIVED:  January 8, 2007

EXPIRATION OF SOL: March  2011

COMPLAINANT:                          Dave Olson

RESPONDENTS:                          William T. Sali
                                      Larry Grant
                                      Paul Smith
                                      Andy Hedden-Nicely

RELEVANT STATUTES:                    2 U.S.C. § 441a-1(b)(1)(B)
                                      11 C.F.R. § 400.20

INTERNAL REPORTS CHECKED:             Disclosure Reports

FEDERAL AGENCIES CHECKED:             None

I.    **INTRODUCTION**

31    This matter involves an allegation that a candidate for the House of Representatives failed

32    to receive Statements of Candidacy (FEC Form 2) from opposing candidates in the same race.

33    Two of the opposing candidates, William T. Sali and Larry Grant, were already registered for the

34    election prior to the complainant entering the race, while Paul Smith never exceeded the filing

35    threshold that would have triggered the notice requirement.  Andy Hedden-Nicely entered the

36    race after the complainant and failed to provide any of his opponents a copy of his Form 2.

MUR 5884
First General Counsel's Report
Page 2

1      Candidates intending to run for federal office are required to provide opposing candidates

2   with a copy of their Form 2, but the notice requirements do not impose a continuing obligation

3   on registered candidates to provide notice to candidates who subsequently enter a race.  Thus,

4   this Office recommends that the Commission find no reason to believe that there has been any

5   violation of the Federal Election Campaign Act of 1971, as amended, ("the Act") as to William

6   T. Sali, Larry Grant, and Paul Smith.  Additionally, this Office recommends dismissing the

7   matter as to Andy Hedden-Nicely.

8   **II.    FACTS**

9      The complainant, Dave Olson, a candidate in the election for the House of

10   Representatives seat in Idaho's 1st Congressional District, alleges that the respondents who are

11   the other candidates in that election violated 11 C.F.R. § 400.20 by failing to provide him with a

12   copy of their respective Statements of Candidacy (FEC Form 2) after Mr. Olson filed his FEC

13   Form 2 with the Commission and mailed it to the opposing candidates.

14      Respondent William T. Sali claims that because he filed his FEC Form 2 seven months

15   before the complainant filed his FEC Form 2 he was not required to share a copy of his FEC

16   Form 2 with the complainant.  Similarly, respondent Larry Grant, who filed his FEC Form 2 six

17   months before the complainant filed his, asserts that "the only requirement under the law and

18   regulations is that a later filed candidate must give notice to all earlier filed candidates."  The

19   treasurer for Paul Smith's committee noted that Mr. Smith received less than $5,000 in

20   contributions and spent less than $5,000.  Therefore, the complaint should not have applied to

21   Mr. Smith.

22

MUR 5884
First General Counsel's Report
Page 3

1

2   **III.    ANALYSIS**

3          Candidates are required to send by facsimile machine or electronic mail their Form 2 to

4   all opposing candidates.   *See* 11. C.F.R. 400.20(b)(2).  This requirement does not impose a

5   continuing obligation on previously registered candidates to notify new opposing candidates in

6   the same election.  *See* Explanation & Justification, *Notification and Reporting Requirements*,

7   68 Fed. Reg. 3979 (Jan. 27, 2003).  Conversely, new candidates entering a race have an

8   obligation to provide copies of their Form 2 to their opponents already registered in the race,

9   notwithstanding whether or not they intend to expend any of their own funds that may exceed the

10  personal limits. *Id.*

11         In this case, the complainant became a candidate well after William T. Sali and Larry

12  Grant were registered as candidates.  Therefore, these respondents did not have an obligation

13  under 11 C.F.R. § 400.20(b)(1) to provide the complainant with a copy of their respective

14  Form 2s.  Additionally, Mr. Smith had not met the filing threshold pursuant to 2 U.S.C. § 431(2)

15  and, therefore, was not required to submit a Form 2 to his opposing candidates.  On the other

16  hand, when Mr. Hedden-Nicely entered the race he was under an obligation pursuant to the

17  Commission's regulations to provide all of his registered opponents with a copy of his Form 2,

18  but failed to do so.

19         Accordingly, we recommend that the Commission find no reason to believe that William

20  T. Sali, Larry Grant, and Paul Smith violated the Act with respect to this matter.  Although

21  Mr. Hedden-Nicely did not provide the complainant with a copy of his Form 2 when he entered

22  the race, Mr. Hedden-Nicely appears to have run a modest campaign, which only raised a little

MUR 5884
First General Counsel's Report
Page 4

1    over $20,000.  Thus, it does not appear that the complainant was unfairly limited in soliciting

2    contributions, since Mr. Hedden-Nicely did not indicate he intended to raise personal funds, nor

3    did he raise personal funds, that would have triggered his opponents to accept contributions at the

4    increased limits.  Consequently, we recommend that the Commission exercise its prosecutorial

5    discretion and dismiss the matter as to Mr. Hedden-Nicely.  *See Heckler v. Chaney,* 470 U.S. 821

6    (1985).

7    **IV.    RECOMMENDATIONS**

8        1.  Find no reason to believe that William T. Sali, Larry Grant, and Paul Smith violated
9            the Act with respect to this matter;
10
11       2.  Dismiss the matter as to Andy Hedden-Nicely;
12
13       3.  Approve the appropriate letters; and
14
15       4.  Close the file.
16
17
18
19                                          Thomasenia P. Duncan
20                                          General Counsel
21
22
_.                              BY:
24   Date                                   Gregory R. Baker
25                                          Special Counsel
26                                          Complaints Examination
27                                          & Legal Administration
28
29
30
31                                          Jeff S. Jordan
32                                          Supervisory Attorney
33                                          Complaints Examination
34                                          & Legal Administration
35
36

7/9/07