United States District Court
For The District of Columbia

David E. Olson                    )
        Plaintiff         )
                )
                )  Civ. No. 07-1584(PLF)
       v.            )
                )
                )  Rebuttal to Motion to Dismiss
Federal Election Commission       )
        Defendant         )

## Rebuttal to Motion to Dismiss Complaint

In reviewing the Federal Election Commission's motion to dismiss, there are several points or positions that require challenge or contesting. Many of the FEC's contention are based on opinions and not clearly supported in the applicable statutes. This therefore is the crux of the dispute. These positions are as followed;

1) Page 1, para. 1.

    "Contrary to Plaintiff's belief, candidates are not required to send the declarations of candidacy to individuals who later become candidates for the same office."

    This position is contrary to what is clearly stated in 11 CFR 400.20(b)(2)

    "Candidates must send FEC Form 2 or information required therein to each opposing candidate." Other than the 15 day time requirement, which can be interpreted, to mean any 15 day period after becoming an opposing candidate, it places the burden on the candidates themselves to send notifications to opposing

candidates. Further, candidates can become "opposing candidates" in either the Primary or General Elections per 11 CFR 400.3.

2) Page 1, <u>Background</u>, Subpara. A.

"The Federal Election Commission (Commission) is the United States government agency with exclusive civil jurisdiction over administration of Federal Election Campaign Act, 2 USC §§ 431-455 (FECA)."

While the FEC does have responsibility to administer the FECA, this can not exempt the commission from Judicial Review or oversight. It would be unreasonable to contend that any person or agency can or should be above the laws or court review of their actions. To permit any person or agency to claim such a jurisdiction would make them unaccountable to the citizens or the legal system for redress or grievances.

3) Page 4, para 2.

The FEC alleges I filed my complaint after the elections.

It should be noted that my complaint was sent prior to the elections on 15 Aug 06. That the FEC lost or misplaced it and it was only after I made repeated contacts, it was resubmitted and eventually filed and given an MUR 5884 number. It was again after several phone and written inquiries and 9 months time, that the FEC dismissed my complaint. SEE: Exhibit 1-3

4) Page 4, <u>Argument</u>, I Standard of Review. Para. 1.

"the complaint fails as a matter of law to state a claim on which relief can be granted."

In the Plaintiff's original complaint under IV Request for Relief, the relief sought was to enforce compliance with election laws and payment in damages for violation of civil rights and for time, travel and legal expenses incurred to pursue this matter.

The court must determine if the dismissal of the complaint was contrary to law. In doing so, it is necessary to examine and consider the letter of the law in question and the meaning by the construct or paragraphs structure of the laws. One conflict existing is between the Instructions of Candidacy (FEC Form 2) and what is stated in the statutes specifically is:

The Instructions state in column 3, House Candidates, "The candidate must also simultaneously send a copy via facsimile machine or electronic mail to each opposing candidate." But in the statute "simultaneous" does not appear. Therefore simple instructions should not be permitted to supersede statute law. Furthermore based on my letter of inquiry to and the email reply from the Federal Election Commission Technical Information Division, answer to question 3 & 4, no distinction is made concerning the time frame or meaning. SEE: Exhibit 4.

5)  Page 6, para. 2.

"the candidate must send a Declaration of Intent included on Form 2 pursuant to section 400.20(b)(2) to "each opposing candidate" within that same fifteen-day period."

The FEC again combines paragraphs 11 CFR 400.20 (a)(1) and (b)(2) to construct a different or convoluted meaning which is not supported by other statutes.  It is implied therefore that this is only a single 15 day period and not a 15 day limited period of time to handle the notifications to all "opposing candidates" regardless of when they became opposing candidates.

6)  Page 6, Para. 3, Note 5.

"As a practical matter, one of the reasons that there is no continuous-notice requirement is simple: any new candidate can conduct a simple search and review or download all of his opponents' prior filings.

This is clearly contrary to what is stated in the statutes 11 CFR 400.20 under Notification and Reporting Requirements.  It would place an additional burden on new or later candidates to obtain FEC Form 2 and other required candidate data from all other opponents, while still requiring them to furnish Form 2's and other data to earlier or party affiliated candidates.  This would be a transfer of responsibilities to the new or later candidates.

Further the FEC's First General Counsel's Report clearly states in

Analysis line 15-22  "Mr. Hedden-Nicely violated notification requirements, but since Mr. Hedden-Nicely appears to run a modest campaign, he should not be required to conform to the campaign statutes or standards.  SEE: Exhibit 5.  By exempting party candidate and then exempting other candidates based on "a modest campaign", a standard not stated in statutes, clearly appears to arbitrary, capricious and an abuse of discretion.

6)  Page 7 Para. 1.

The FEC contends, the Plaintiff is imposing an independent or continuous notification requirement.

I contend the statutes are open for interpretation as to the continuing requirements.

8)  Page 7 para. 2.

The FEC statutes 11 CFR 400.21 and 400.22 have nothing to do with FEC Form 2's or Declaration of Intent.

While Form 2' are not specifically addressed, and there could be grounds to consider this position, never the less, a separate and additional notification requirements do exist.  These notifications were never furnished and separate violations occurred when these thresholds were crossed.  Since these requirements are listed under SubPart B- Notifications and Reporting Requirements, they must be construed to be an obligation of the Candidates.

5

9) Page 8, para. 2.

"A candidate who joins the race at a later date is free to obtain and review already-filed Form 2s, which are available on the FEC's website, but he has no statutory or regulatory right to have those same Form 2s additionally sent directly to him by his opponents."

Once more the FEC repeatedly implies it is the Candidates who enter the race later, responsibility to obtain copies of Form 2's and other documentation from the FEC Website.

This is again contrary to statutes and law. It places the full additional burden and responsibility on later candidates to obtain and supply notifications of and to opposing candidates. This would render a special advantage to party affiliated or one candidate over another and violate 11 CFR 7.1, for the FEC to maintain impartial elections.

10) Page 8, note 6.

The FEC suggests the complaint should be dismissed under Rule 4(c)(2), which states, "Service may be effected by any person who is not party and who is at least 18 years of age".

By hiring and paying the United States Postal Service for Registered Mail and Special Delivery fees, I contend the United States Postal Service became the server and non-party to this court action. They therefore meet the basic requirements as a Server.

6

## Conclusion

In reviewing of the Federal Election Commission's response, it reflects little more than opinions and lacks of statutes specifically stating contrary to those cited by the Plaintiff. The Plaintiff respectfully request the Court find in his favor and issue an Order for Relief as listed in the complaint.

Respectfully Submitted,

*David E. Olson*

David E. Olson, Plaintiff Pro Se
2002 Santa Creek Rd./P.O. Box 251
St. Maries, Idaho 83861

STACIE J. LAMB
NOTARY PUBLIC
STATE OF IDAHO

*Stacie A. Lamb*

Scribed and sworn to the a notary public 10th day of December 2007.

That Dave Olson personally appeared before me

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID E. OLSON )
            Plaintiff )
                )
                )
         v. )          Civ. No. 07-1584 (PLF)
                )
                )
FEDERAL ELECTION COMMISSION )
                )

## [PROPOSED] ORDER

The matter before the Court on Plaintiff David E. Olson's motion for Judicial

Review of the Federal Election Commission's dismissal of a complaint.   It is hereby

ORDERED that Plaintiff's motion for RELIEF is GRANTED; and is FURTHER

ORDERED that the Federal Election Commission's actions be found to be CONTRARY

TO STATUTES.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE:_____

# <u>EXHIBIT 1</u>

15 Aug 06

Dave Olson
P.O. Box 251
St. Maries, Idaho 83861

Dear Sirs

    I am a House Candidate for the Idaho 1st House of Representative seat. I am writing concerning compliance requirements for the Statement of Candidacy (FEC Form 2) and for candidates to furnish copies "to each opposing candidate." I have become involved in a dispute with the other candidates running against me.

    I have made public statements in local forums that the other candidates have fail to comply with Federal Election Commission law, instructions and requirement to send or furnish my campaign committee with copies of their FEC Form 2. Several of the other candidates have even failed to comply after I have furnished them copies of my query and your responds. At present there are four opposing candidates to me, I have mailed copies of my Form 2 to each and have not received any in return.

    The opposing candidates are:

    Bill Sali, Rep.              P.O. Box 71, Kuna, Id. 83634
    Paul Smith, Con.            P.O. Box 5, Letha, Id. 83636
    Larry Grant, Dem.           P.O. Box 489, Fruitland, Id. 83619
    Andy Hedden-Nicely, United.  P.O> Box 2109, Boise, Id. 83712

    In accordance with and based on the following Federal Regulations, instructions, inquiry and your responds:

    1. Federal Elections Title 11, Part 400, Section 400.20 Declaration of Intent.
    2. Federal Election Commission, Instruction for Statement of Candidacy (FEC Form 2).
    3. My letter of query, dated May 18, 2006
    4. Your responds date June 30, 2006 5:51PM

I would like to file a formal complaint with the Federal Election Commission, alleging violation of Federal Election regulations governing the financing of campaigns for Federal office. As this is a very serious accusation, that I do not make lightly, I further request the speediest and earliest possible action to resolve this matter be taken.

Sincerely

Dave Olson

Dave Olson
olsonforcongress@hotmail.com

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by ( *Printed Name* )    C. Date of Delivery

1. Article Addressed to:

Federal Election Comm.
999 E St
NW Washington D.C.
20463

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)    ☐ Yes

2. Article Number
(Transfer from service label)

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-15

Exhibit 1

Receipts for Certified
Mail and Return
Receipt dated Aug 16, 2006
with delievery to FEC
22 Aug 06

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

WASHINGTON DC 20463    OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $0.39 | 0805 |
| Certified Fee | | $2.40 | 04 |
| Return Receipt Fee (Endorsement Required) | | $1.85 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $4.64 | 08/16/2006 |

Sent To
FED. ELECTION COMM
Street, Apt. No.;
or PO Box No. 999 E. St
City, State,
NW Washington DC 20463

7004 2510 0000 6084 7666

# **EXHIBIT 2**

Dave Olson
P.O. Box 251
St. Maries, Idaho 83861

Dear Ms. Reesa Dixion

   I am resending you the letter and the associated documents concerning the complain
that I filed with the Federal Election Commission. Request that this matter be
investigated by your office. As this matter has become very public here in Idaho during
the political campaigns, I request that this complaint be given the highest priority.

   I have further checked with the postal authorities here, and they can not supply me any
further tracking numbers on this matter, other than to tell me it was received by the mail
center on August 22, 2006. I would further request that you agency continue to try and
determine who or where my original letter was received and handled. The tracking of
"Certified Mail" should be much closer followed within your agency.

   I would like to thank you for the help you have provided on this matter. Please advise
me if you need any further information from me.

Sincerely

*Dave Olson*

Dave Olson
olsonforcongress@hotmail.com

*G. Moscrip*
*Notary Public*
11/30/11

Subscribed and sworn to me Sylvia M Chapm
      a notary public on this
      17th day of November,2006

That Dave Olson personally appeared befor
Me.

*Sylvia M Chapman*
exp 8/18/2011

**SYLVIA M. CHAPMAN
NOTARY PUBLIC
STATE OF IDAHO**

*Dave Olson*



FEDERAL ELECTION COMMISSION
WASHINGTON, D.C. 20463

November 8, 2006

Dave Olson
PO Box 251
St. Maries, Idaho 83861

Dear Mr. Olson:

This is to acknowledge receipt of your letter on October 30, 2006. The Federal Election Campaign Act of 1971, as amended and Commission Regulations require that the contents of a complaint meet certain specific requirements. Your letter does not meet these requirements. Although your letter was signed in the presence of a notary public and notarized, it was not sworn to, as required.

In order to file a legally sufficient complaint, you must swear before a notary that the contents of your complaint are true to the best of your knowledge and the notary must represent as part of the jurat that such swearing occurred. The preferred form is "**Subscribed and sworn to before me on this _____ day of _____, 20__.**" A statement by the notary that the complaint was sworn to and subscribed before her also will be sufficient.

Please note that this matter will remain confidential for a 15 day period to allow you to correct the defects in your complaint. If the complaint is corrected and refiled within the 15 day period, the respondents will be so informed and provided a copy of the corrected complaint. The respondents will then have an additional 15 days to respond to the complaint on the merits. If the complaint is not corrected, the file will be closed and no additional notification will be provided to the respondents.

We regret the inconvenience that these requirements may cause you, but we are not statutorily empowered to proceed with the handling of a compliance action unless all the statutory requirements are fulfilled. See 2 U.S.C. § 437g. If you have any questions concerning this matter, please contact me at (202) 694-1650.

Sincerely,

Retha Dixon
Docket Manager

# **EXHIBIT 3**

Federal Election Commission
999 E Street, N.W.
Washington, D.C. 20463

*Mar 9, 2007*

Re: MUR 5884

Dear Sir

    I would like to inquire into the status of MUR 5884. My last correspondence from your organization was on January 9, 2007, when you acknowledged receipt of my supplemental to the complaint. I have not been notified of the Federal Election Commission pending or final actions. Any information you can furnish would be appreciated.

                         Sincerely

                         Dave Olson
                         Candidate Idaho 1st District

U.S. Postal Service
CERTIFIED MAIL... RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

| | | |
|---|---|---|
| WASHINGTON DC 20463 | | |
| Postage | $ $0.39 | 0022 |
| Certified Fee | $2.40 | 02 |
| Return Receipt Fee (Endorsement Required) | $1.85 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $4.64 | 03/14/2007 |

Sent To **FEC OFFICE GEN Counsel**
Street, Apt. No.; or PO Box No. **9**
City, State, ZIP+4

7006 2760 0000 9160 8835

Certified Mail
Reciept for letter
of inquiry.

# **EXHIBIT 4**

# FEDERAL ELECTION COMMISSION
## Instructions for Statement of Candidacy (FEC FORM 2)

## Who Must File FEC Form 2

Each individual who is a candidate for federal office must file FEC FORM 2 or, if not filing electronically, a letter containing the same information within 15 days of becoming a candidate. An individual becomes a candidate for federal office whenever any of the following events occur:

• The individual has received contributions aggregating in excess of $5,000 or made expenditures aggregating in excess of $5,000;

• The individual has given his or her consent to another person to receive contributions or make expenditures on behalf of that individual and such person has received contributions aggregating in excess of $5,000 or made expenditures aggregating in excess of $5,000;

• The aggregate of contributions received in 1 and 2 above combined exceeds $5,000 or the aggregate of expenditures made in 1 and 2 above combined exceeds $5,000.

Funds received and payments made for the purpose of determining whether an individual should become a candidate are not considered "contributions" or "expenditures" which may trigger candidacy. Only funds permissible under the Act may be used for such activities. See 11 CFR 100.72(b) and 100.131 for further information.

Note: Political committees (except for principal campaign committees of Senate candidates) must file reports in an electronic format under 11 CFR 104.18 if they have either received contributions or made expenditures in excess of $50,000 during a calendar year, or if they have reason to expect that they will exceed either of those thresholds during the calendar year. If the committee has reached this level of activity, you must file this form in an electronic format.

An authorized committee of a candidate is considered to have reason to expect it will exceed the electronic filing threshold for the next two calendar years after the calendar year in which it exceeds $50,000 in contributions or expenditures.

A new authorized committee with no previous contributions or expenditures is considered to have reason to expect it will exceed the electronic filing threshold if it exceeds $12,500 in contributions or expenditures during the first calendar quarter of the calendar year, or $25,000 in contributions or expenditures in the first half of the calendar year.

Contact the FEC for more information on filing electronically.

## When to File

FEC FORM 2 must be filed within 15 days after an individual becomes a candidate (i.e., exceeds the $5,000 threshold as stated in 1, 2, and 3, above).

## Where to File

(See also instructions for Line 7, below.)

• **Senate Candidates**. Candidates seeking nomination or election to the United States Senate file with the Secretary of the Senate, Office of Public Records, 232 Hart Senate Office Building, Washington, DC 20510-7116. Mail addressed to the Secretary of the Senate should read: "Office of Public Records, P.O. Box 5109, Alexandria, VA 22301-0109." Additionally, when filling out Line 9 (Declaration of Intent to Expend Personal Funds), the candidate must send a copy of FEC Form 2 or the information required therein to the Federal Election Commission by facsimile machine (to 202-219-0174) or by electronic mail (to 2022190174@fec.gov). The candidate must also simultaneously send a copy via facsimile machine or electronic mail to each opposing candidate. 11 CFR 400.20(b)(1). Fax numbers and electronic mail addresses for opposing candidates are available from the web site at www.fec.gov.

• **House Candidates**. Candidates seeking nomination or election to the U.S. House file with the Federal Election Commission, 999 E Street, NW, Washington, DC. 20463. Additionally, when filling out Line 9 (Declaration of Intent to Expend Personal Funds), the candidate must send a copy of FEC Form 2 or the information required therein to the Federal Election Commission by facsimile machine (to 202-219-0174) or by electronic mail (to 2022190174@fec.gov). The candidate must also simultaneously send a copy via facsimile machine or electronic mail to each opposing candidate. 11 CFR 400.20(b)(2). Fax numbers and electronic mail addresses for opposing candidates are available from the FEC's web site at www.fec.gov.

• **Presidential/Vice-Presidential Candidates**. Candidates seeking nomination or election to the offices of U.S. President or U.S. Vice President file with the Federal Election Commission. 999 E Street, NW, Washington, DC 20463.

**State Filing**. House and Senate candidates must file a copy of this form with the state in which the office is sought, with the exception of candidates in states that have qualified for the Commission's state filing waiver program. Presidential candidates must file a copy of this form in states where they have made expenditures, with the exception of those states that have qualified for the Commission's state filing waiver program. A list of qualified states is available from the Federal Election Commission.

## Candidate Duties and Responsibilities

The candidate is personally responsible for the timely and complete filing of this Statement and for the accuracy of any information contained in it.

Dave Olson
P.O. Box 251
St. Maries, Idaho 83861

Dear Sirs

   I am a House Candidate for the Idaho 1st House of Representative seat.  A recent dispute has arisen between me and another Candidate, Bill Sali.  This is over the Instructions for Statement of Candidacy, 11CFR400.20(b)(2) and inquiries I have made. I would therefore like to reconfirm my understanding of the requirements of notification.

   Under the Instruction for Statement of Candidacy (FEC Form2), "The candidate must also simultaneously send a copy via facsimile machine or electronic mail to each opposing candidate."
   Under 11CFR400.20(b)(2), "Candidates must send by facsimile machine or electronically mail his or here FEC Form 2 or the information required therein by 11CFR101.1, including the amount by which he or she intends to exceed the threshold amount, to each opposing candidate."

   It is my contention that notification must take place regardless of when a candidate registers.  Under the eligibility requirements, those candidates that are party affiliated can sign up earlier, while those candidates not party affiliated are required to obtain signatures (500) to be on the ballot.  This creates an additional burden and time consuming effort on the individual candidate.  To then require them to notify "each opposing candidate" that signed up ahead of them and not to require those candidate to return a notification, creates and unfair advantage for party candidates.

   Mr. Sali contends that "simultaneously" means that notification is only required to those candidates that have signed up ahead of them and not to those candidates who signed up later.

   I would therefore request a clarification or ruling on this matter concerning;
1. What is an opposing candidate?
2. When does an individual become an opposing candidate?
3. When is notification required?
4. What is meant by "simultaneously"?
5. Why can not all candidates notify "each opposing candidates" regardless of when they signed up?  Does this not give an advantage to incumbents and party candidates?

   This matter has become very public early in the campaigning and I request a reply or ruling at the earliest possible time.  Would it be possible to reply to my email; olsonforcongress@hotmail.com with an info copy to bill@billsali.com
Thank You for your help on this matter.
Sincerely

Dave Olson



MSN Home | My MSN | Hotmail | Shopping | Money | People & Chat          Sign Out net     Web Search:          Go



Plan your
Next Getaway!          New York      London        Paris          msn Travel
                       Tokyo         San Francisco Chicago        Research Now

msn  Hotmail          Today | Mail | Calendar | Contacts          Options | Help
                                                                  Free Newsletter

olsonforcongress@hotmail.com

Reply | Reply All | Forward | ✕ Delete | Junk | Put in Folder ▼ | Print View | Save Address

|  |  |
|---|---|
| From : | <info@fec.gov> |
| Sent : | Friday, June 30, 2006 5:51 PM |
| To : | olsonforcongress@hotmail.com |
| CC : | bill@billsali.com |
| Subject : | FEC Form 2./candidate status |



msn Travel

Plan your
Next Getaway!

Research Now

New York
Tokyo
London
San Francisco
Paris
Chicago



ï»¿

*A review of our records indicates that a response may not have been sent to you.  We sincerely apologize for any inconvenience this may have caused and thank you for your patience.*

Dear Mr. Olson,

This responds to your May 18 query (via 1st class mail) regarding candidate status and the FEC Form 2 filing requirements.  In your letter you asked:

1. What is an opposing candidate?
2. When does an individual become an opposing candidate?
3. When is notification required?
4. What is meant by â€œsimultaneouslyâ€  ?
5. Why can not (sic) all candidates notify â€œeach opposing candidateâ€  regardless of when they signed up?  Does this not give an advantage to incumbents and party candidates?

Your first four questions can be answered by reference to the Federal regulations governing the financing of campaigns for Federal office.

1 & 2. According to Federal law, an individual becomes a candidate when he or she has received over $5,000 in contributions or made over $5,000 in expenditures seeking Federal office.  11 CFR 100.3(a).  An individual becomes an â€œopposing candidateâ€  by seeking nomination or election for the same office another candidate is seeking. 11 CFR 400.3.

3 & 4. As the instructions for Form 2 state, either a copy of Form 2 or equivalent information must be filed with each opposing candidate and with the FEC within 15 days of becoming a candidate.  11 CFR 400.20.  The term â€œsimultaneouslyâ€  does not appear in section 400.20; however, the section implies that both the FEC and each opposing candidate must receive the information within 15 days of when the individual has become a candidate.

Your fifth question raises some interesting issues not directly addressed in our regulations.  You might consult the Explanation and Justification for the regulations on this matter in order to gain an understanding of what the Commission was considering when they drafted the regulations. 

The E&J is available on the FEC web site (http://www.fec.gov/law/cfr/ej_citation_part400_subpartsAB.shtml).

I hope this response has helped to clarify the regulations for you.  If you have any further questions, please feel free to contact me.

Yours,

Gary A. Mullen
Technical Writer
Information Division

◇ | ◇ | ✕ | ▤ Inbox

**Get the latest updates from MSN**

Feedback | Help

**MSN Home** | **My MSN** | **Hotmail** | **Search** | **Shopping** | **Money** | **People & Chat**

© 2006 Microsoft TERMS OF USE  Advertise  TRUSTe Approved Privacy Statement  GetNetWise  Anti-Spam Policy

# **EXHIBIT 5**

JUL   9 2007

1    FEDERAL ELECTION COMMISSION
2            999 E Street, N.W.
3          Washington, D.C.  20463
4
5       FIRST GENERAL COUNSEL'S REPORT
6
7                              MUR:  5884
8                              DATE SUBMITTED:  November 21, 2006
9                              DATE OF NOTIFICATION:  November 29, 2006
10                             RESPONSE RECEIVED:  December 22, 2006
11                             SUPPLEMENT RECEIVED:  January 8, 2007
12
13                             EXPIRATION OF SOL: March  2011
14
15   COMPLAINANT:              Dave Olson
16
17   RESPONDENTS:              William T. Sali
18                             Larry Grant
19                             Paul Smith
20                             Andy Hedden-Nicely
21
22   RELEVANT STATUTES:        2 U.S.C. § 441a-1(b)(1)(B)
23                             11 C.F.R. § 400.20
24
25   INTERNAL REPORTS CHECKED:  Disclosure Reports
26
27   FEDERAL AGENCIES CHECKED:  None
28
29
30   I.    **INTRODUCTION**

31         This matter involves an allegation that a candidate for the House of Representatives failed

32   to receive Statements of Candidacy (FEC Form 2) from opposing candidates in the same race.

33   Two of the opposing candidates, William T. Sali and Larry Grant, were already registered for the

34   election prior to the complainant entering the race, while Paul Smith never exceeded the filing

35   threshold that would have triggered the notice requirement.  Andy Hedden-Nicely entered the

36   race after the complainant and failed to provide any of his opponents a copy of his Form 2.

MUR 5884
First General Counsel's Report
Page 2

1       Candidates intending to run for federal office are required to provide opposing candidates

2  with a copy of their Form 2, but the notice requirements do not impose a continuing obligation

3  on registered candidates to provide notice to candidates who subsequently enter a race. Thus,

4  this Office recommends that the Commission find no reason to believe that there has been any

5  violation of the Federal Election Campaign Act of 1971, as amended, ("the Act") as to William

6  T. Sali, Larry Grant, and Paul Smith. Additionally, this Office recommends dismissing the

7  matter as to Andy Hedden-Nicely.

8  **II.**    **<u>FACTS</u>**

9       The complainant, Dave Olson, a candidate in the election for the House of

10  Representatives seat in Idaho's 1st Congressional District, alleges that the respondents who are

11  the other candidates in that election violated 11 C.F.R. § 400.20 by failing to provide him with a

12  copy of their respective Statements of Candidacy (FEC Form 2) after Mr. Olson filed his FEC

13  Form 2 with the Commission and mailed it to the opposing candidates.

14       Respondent William T. Sali claims that because he filed his FEC Form 2 seven months

15  before the complainant filed his FEC Form 2 he was not required to share a copy of his FEC

16  Form 2 with the complainant. Similarly, respondent Larry Grant, who filed his FEC Form 2 six

17  months before the complainant filed his, asserts that "the only requirement under the law and

18  regulations is that a later filed candidate must give notice to all earlier filed candidates." The

19  treasurer for Paul Smith's committee noted that Mr. Smith received less than $5,000 in

20  contributions and spent less than $5,000. Therefore, the complaint should not have applied to

21  Mr. Smith.

22

MUR 5884
First General Counsel's Report
Page 3

1

2    III.    __ANALYSIS__

3        Candidates are required to send by facsimile machine or electronic mail their Form 2 to

4    all opposing candidates.  *See* 11. C.F.R. 400.20(b)(2).  This requirement does not impose a

5    continuing obligation on previously registered candidates to notify new opposing candidates in

6    the same election.  *See* Explanation & Justification, *Notification and Reporting Requirements*,

7    68 Fed. Reg. 3979 (Jan. 27, 2003).  Conversely, new candidates entering a race have an

8    obligation to provide copies of their Form 2 to their opponents already registered in the race,

9    notwithstanding whether or not they intend to expend any of their own funds that may exceed the

10   personal limits.  *Id.*

11       In this case, the complainant became a candidate well after William T. Sali and Larry

12   Grant were registered as candidates.  Therefore, these respondents did not have an obligation

13   under 11 C.F.R. § 400.20(b)(1) to provide the complainant with a copy of their respective

14   Form 2s.  Additionally, Mr. Smith had not met the filing threshold pursuant to 2 U.S.C. § 431(2)

15   and, therefore, was not required to submit a Form 2 to his opposing candidates.  On the other

16   hand, when Mr. Hedden-Nicely entered the race he was under an obligation pursuant to the

17   Commission's regulations to provide all of his registered opponents with a copy of his Form 2,

18   but failed to do so.

19       Accordingly, we recommend that the Commission find no reason to believe that William

20   T. Sali, Larry Grant, and Paul Smith violated the Act with respect to this matter.  Although

21   Mr. Hedden-Nicely did not provide the complainant with a copy of his Form 2 when he entered

22   the race, Mr. Hedden-Nicely appears to have run a modest campaign, which only raised a little

MUR 5884
First General Counsel's Report
Page 4

1    over $20,000. Thus, it does not appear that the complainant was unfairly limited in soliciting

2    contributions, since Mr. Hedden-Nicely did not indicate he intended to raise personal funds, nor

3    did he raise personal funds, that would have triggered his opponents to accept contributions at the

4    increased limits. Consequently, we recommend that the Commission exercise its prosecutorial

5    discretion and dismiss the matter as to Mr. Hedden-Nicely. *See Heckler v. Chaney,* 470 U.S. 821

6    (1985).

7    **IV.    RECOMMENDATIONS**

8    1. Find no reason to believe that William T. Sali, Larry Grant, and Paul Smith violated
9       the Act with respect to this matter;
10
11   2. Dismiss the matter as to Andy Hedden-Nicely;
12
13   3. Approve the appropriate letters; and
14
15   4. Close the file.
16
17
18
19                                          Thomasenia P. Duncan
20                                          General Counsel
21
22   *7/9/07*
23                                BY:
24   Date                                   Gregory R. Baker
25                                          Special Counsel
26                                          Complaints Examination
27                                          & Legal Administration
28
29
30
31                                          Jeff S. Jordan
32                                          Supervisory Attorney
33                                          Complaints Examination
34                                          & Legal Administration
35
36