UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID E. OLSON, | ) |
|         Plaintiff, | ) |
|         v. | )   Civ. No. 07-1584 (PLF) |
| FEDERAL ELECTION COMMISSION, | ) |
|         Defendant. | )   REPLY MEMORANDUM |

## DEFENDANT FEDERAL ELECTION COMMISSION'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

Defendant Federal Election Commission ("Commission") files this reply memorandum in further support of its motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). The majority of Plaintiff's opposition brief (¶¶ 1, 5-9) is devoted to reiterating the same regulatory misinterpretations that form the basis of Plaintiff's Complaint and are addressed fully in the Commission's opening brief. (Def.'s Mem. of L. in Support of Mot. to Dismiss ("Def.'s Mem.") at 5-8.) In short, although Plaintiff argues (¶ 7[1]) that the regulations are "open for interpretation," the Commission's interpretation of these regulations is both reasonable and subject to an exceedingly deferential standard of review (Def.'s Mem. at 3-4), while Plaintiff's interpretation is contrary to the plain text of the provisions themselves.

To the extent that Plaintiff's opposition (¶ 6) now challenges the Commission's exercise of its prosecutorial discretion to dismiss a portion of Plaintiff's administrative complaint, such a challenge is nowhere mentioned in Plaintiff's civil Complaint, and, regardless, this Court should decline Plaintiff's invitation to second-guess the Commission's decisions regarding efficient

---

[1]   Because Plaintiff's brief contains two paragraphs numbered 6 and no paragraph numbered 7, the Commission refers to the second paragraph 6 as paragraph 7.

1

allocation of its limited resources. *Wayte v. United States*, 470 U.S. 598, 607 (1985) ("[T]he decision to prosecute is particularly ill-suited to judicial review. Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake."); *Baltimore Gas and Electric v. FERC*, 252 F.3d 456, 459 (D.C. Cir. 2001) (holding that court's review of prosecutorial discretion "risks arrogating to itself a power that the Constitution commits to the executive branch"); *see generally Heckler v. Chaney*, 470 U.S. 821, 831 (1985) (rejecting challenge to agency's exercise of prosecutorial discretion).

Regarding the other contentions in Plaintiff's brief: The Commission does not dispute Plaintiff's argument (¶ 2) that the decision to dismiss Plaintiff's administrative complaint is subject to judicial review (*see* Def.'s Mem. at 2, 4-5); Plaintiff's statements (¶¶ 3-4) regarding the timing of his administrative complaint and certain "simultaneous" filing requirements are unrelated to the Complaint and irrelevant to this action; and Plaintiff's contention regarding service of process (¶ 10) is an incorrect statement of law (*see* Def.'s Mem. at 8 n.6).

Finally, although Plaintiff has attached to his brief "matters outside the pleadings," consideration of these documents is not necessary for the determination of the pending motion,[2] and the Commission therefore requests that the Court exclude the exhibits rather than convert the motion under Fed. R. Civ. P. 12(d) to a motion for summary judgment. *See Herron v. Veneman*, 305 F. Supp. 2d 64, 74 n.3 (D.D.C. 2004) (refusing to consider extrinsic material unnecessary to decision of 12(b)(6) motion); *Jane Lyons Advertising, Inc. v. Cook*, Civ. No. 97-1069, 1998 WL

---

[2] Plaintiff's Exhibit 5, the FEC General Counsel's Report recommending dismissal of Plaintiff's administrative complaint, was included as an exhibit to the Commission's motion to dismiss. (Def.'s Mem. Ex. 1.) The Court may consider this document without converting the Commission's motion to a motion for summary judgment because Plaintiff's Complaint refers to and relies on the document. (*See* Def.'s Mem. at 5 n.4.)

164775, *1 (D.D.C. Mar. 31, 1998) ("[I]f materials outside the pleadings are filed with the court, but the court chooses to ignore them when making its decision, no conversion occurs."); *see also Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, F.S.B.*, 958 F.2d 15, 18-19 (1st Cir. 1992) ("If the district court chooses to ignore the supplementary materials . . . , no conversion occurs.").[3]

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | Thomasenia P. Duncan (D.C. Bar No. 424222)<br>General Counsel |
|  | David B. Kolker (D.C. Bar No. 394558)<br>Associate General Counsel |
|  | Kevin Deeley<br>Acting Assistant General Counsel |
|  |   /s/ Adav Noti<br>Adav Noti (D.C. Bar No. 490714)<br>Attorney |
|  | COUNSEL FOR DEFENDANT<br>FEDERAL ELECTION COMMISSION<br>999 E Street NW<br>Washington, DC 20463 |
| Dated:  December 20, 2007 | (202) 694-1650 |

---

[3] Plaintiff's response is also untimely. The Commission filed its motion and served it on plaintiff by mail on November 15, 2007. Fed. R Civ. P. 5(b)(2)(C). Accordingly, Plaintiff was required to respond to the motion no later than November 29, *see* LCvR 7(b); Fed. R. Civ. P. 6(d), but he did not mail his opposition until December 10, at the earliest. The Court may therefore grant the Commission's motion to dismiss as conceded pursuant to LCvR 7(b). *See Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294-95 (D.C. Cir. 2004) (affirming district court's grant of motion to dismiss as conceded under LCvR 7(b)).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAVID E. OLSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 07-1584 (PLF) |
| ) | |
| FEDERAL ELECTION COMMISSION, ) | |
| ) | CERTIFICATE OF SERVICE |
| Defendant. ) | |
| ) | |

## CERTIFICATE OF SERVICE

I hereby certify that, on December 20, 2007, I caused Defendant Federal Election Commission's Reply Memorandum in Support of Its Motion to Dismiss the Complaint to be served by first-class mail upon:

> David E. Olson
> 2002 Santa Creek Rd.
> P.O. Box 251
> St. Maries, ID  83861

>                     /s/ Edward Fisher
> Edward Fisher
> Federal Election Commission
> 999 E Street NW
> Washington, DC 20463

Dated:  December 20, 2007                           (202) 694-1650