UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
DAVID E. OLSON,                     )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   Civil Action No. 07-1584 (PLF)
                                    )
FEDERAL ELECTION COMMISSION,        )
                                    )
        Defendant.                  )
_____)


MEMORANDUM OPINION

This matter is before the Court on defendant's motion to dismiss plaintiff's complaint pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.[1] Upon consideration of the entire record in this case, the Court will dismiss plaintiff's complaint without prejudice for insufficient service of process pursuant to Rule 12(b)(5).

I. BACKGROUND

David E. Olson, a resident of Idaho's First Congressional District, ran for the office of United States Representative in 2006. See Compl. at 1. After the election, Mr. Olson filed an administrative complaint with the Federal Election Commission ("FEC") alleging that some of his opponents violated a regulation promulgated by the FEC to implement notice and filing requirements of the Federal Election Campaign Act, 2 U.S.C. §§ 431, *et seq.* ("FECA").

---

[1]     The papers submitted in connection with this matter include: Defendant Federal Election Commission's Motion to Dismiss the Complaint ("Mot."); Plaintiff's Rebuttal to Motion to Dismiss Complaint ("Opp."); and Defendant Federal Election Commission's Reply Memorandum In Support of Its Motion to Dismiss the Complaint ("Reply").

During the 2006 election cycle, candidates were required to file "Declarations of Intent" with the FEC and each opposing candidate within 15 days of becoming a candidate. See 11 C.F.R. § 400.20(a)(1) (2006).[2] According to Mr. Olson, the regulation imposed two filing obligations on candidates: an initial obligation (*i.e.*, an obligation to file a Declaration of Intent with the FEC and any then-existing candidates within 15 days of becoming a candidate), and a continuing obligation (*i.e.*, an obligation to send a Declaration of Intent to all candidates who subsequently entered the race). See Compl. at 3-4. Mr. Olson contended that the candidates who entered the race before him violated the regulation by failing to send him copies of their Declarations of Intent after he became a candidate. See id. at 1. The FEC dismissed Mr. Olson's administrative complaint, concluding that 11 C.F.R. § 400.20 imposed only an initial filing obligation. See Mot., Ex. 1, First General Counsel's Report, MUR 5884, at 3 (July 9, 2007).

Mr. Olson then filed suit in this Court, seeking judicial review of the FEC's decision. See 2 U.S.C. § 437g(a)(8). Mr. Olson's complaint asserts that the FEC's interpretation of 11 C.F.R. § 400.20 represents "an impermissible interpretation of the Federal Campaign Act, or . . . was arbitrary or capricious or an abuse of discretion." Compl. at 4.

---

[2] In these Declarations of Intent, candidates were required to declare whether they intended to spend in excess of $350,000 of their own funds on their campaigns and, if so, the amount in excess of $350,000 that they intended to spend.

> This [regulation arose] from the "Millionaire's Amendment" to FECA, which, in some circumstances, permit[ted] the campaign committee of a candidate whose opponent makes large personal expenditures on her own behalf to receive larger contributions than would otherwise be permissible.

Mot. at 2. Candidates' Declarations of Intent were "noted on the candidate's Statement of Candidacy, FEC Form 2." 11 C.F.R. § 400.20(b)(2) (2006).

II.  DISCUSSION

*A.  Insufficient Service of Process*

Rule 4(c)(2) of the Federal Rules of Civil Procedure states that service may be effected by "[a]ny person who is . . . *not a party*[.]"  FED. R. CIV. P. 4(c)(2) (emphasis added). Rule 4(c)(2) is violated when a plaintiff personally attempts to serve a defendant – including the United States – by mail.  See, e.g., Reading v. United States, 506 F. Supp. 2d 13, 19 (D.D.C. 2007); Foster v. United States, Civil Action No. 05-1759, 2006 WL 2473615, at *1 (D.D.C. Aug. 24, 2006); Otto v. United States, Civil Action No. 05-2319, 2006 WL 2270399, at *1-2 (D.D.C. June 28, 2006) (and cases cited therein).  Courts may dismiss a complaint when a plaintiff fails to comply with the Federal Rules governing service.  See FED. R. CIV. P. 12(b)(4), (5); see generally 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1353 (3d ed. 2004) ("WRIGHT & MILLER").

Here, the FEC asserts (and Mr. Olson does not deny) that Mr. Olson attempted to serve the FEC by mailing the summons and complaint to the agency.  See Mot. at 8 n.6; see also Opp. at 6.  Mr. Olson offers no explanation for his failure to effect proper service – either before or after the FEC noted his failure to do so.  The Court therefore will grant the FEC's motion to dismiss plaintiff's complaint for insufficient service of process pursuant to Rule 12(b)(5).[3]  This dismissal is without prejudice.

---

[3]   The FEC in fact relies on Rule 12(b)(4), but the Court treats its motion as a motion under Rule 12(b)(5) because "a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons.  A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint," as the FEC does here.  WRIGHT & MILLER § 1353, at 334.

*B.  Mootness*

It bears noting that the regulation at issue in this case was recently repealed by the FEC.  See Repeal of Increased Contribution and Coordinated Party Expenditure Limits for Candidates Opposing Self-Financed Candidates, 73 Fed. Reg. 79597, 79602 (Dec. 30, 2008).[4]  As a result, Mr. Olson's claims may be moot – meaning that this Court may lack subject matter jurisdiction over those claims.  See Adams v. FAA, 550 F.3d 1174, 1175-76 (D.C. Cir. 2008).  The Court need not reach that issue now, however, because of Mr. Olson's failure to effect proper service.  See In re Papandreou, 139 F.3d 247, 255 (D.C. Cir. 1998) (courts may dismiss on "non-merits grounds" before finding subject matter jurisdiction). Before refiling his complaint, Mr. Olson should consider (and perhaps discuss with the FEC) whether his claims now are moot.

A separate Order will issue this same day.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 11, 2009

---

[4]   The FEC repealed 11 C.F.R. § 400.20 and related regulations because the statutory basis for those regulations – that is, the "Millionaire's Amendment" to FECA, see *supra* at 2 n.2 – was invalidated by the Supreme Court.  See Davis v. FEC, 128 S. Ct. 2759 (2008).